UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRIAN KEITH BRAGG,** | **Civil Action No. 16-2868 (FLW)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM AND ORDER** |
| **TODD WILSON,** | |
| **Defendant.** | |

This matter has been opened to the Court by Plaintiff's filing of a Complaint, an *in forma pauperis* application, two requests to amend/supplement his Complaint, and a "motion" seeking to dismiss one of the Defendants from the case:

1.      Leave to proceed in this Court without prepayment of fees is authorized. *See* 28 U.S.C. § 1915.

2.      Plaintiff is a pretrial detainee at Mercer County Correctional Center ("M.C.C.C."). Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

3.      Over the course of several weeks, Plaintiff has submitted for filing (1) a Complaint (ECF No. 1), (2) a motion to amend his Complaint that attaches the proposed Amended Complaint (ECF No. 2), and (3) a Second Amended Complaint for which he did not seek leave of court. (ECF No. 3). Plaintiff's Amended Complaint and Second Amended Complaint add additional allegations against new Defendants and incorporate the allegations

1

from the prior Complaint(s).[1]  Finally, Plaintiff has filed (4) a "motion" seeking to dismiss

Defendant Todd Wilson, a Defendant identified in his original Complaint.  (ECF No. 6.)

Plaintiff's motion states that he wishes to dismiss Mr. Wilson "until further notice."  The Court

construes Plaintiff's "motion" as a request to dismiss this action without prejudice as to Mr.

Wilson, and the Court will grant this request and direct the Clerk of the Court to dismiss

Defendant Wilson from the case.[2]  The Court will also dismiss without prejudice "Doctor

Pettrillo," the second Defendant identified in the Original Complaint, as there are no allegations

in the Original Complaint (or subsequent Amended Complaints) regarding this Defendant.[3]

4.     On June 2, 2016, Plaintiff filed a motion to amend his Complaint.  (ECF No. 2.)

Attached to the motion is a proposed Amended Complaint that lists two grounds for relief.[4]

"Ground Two," of the Amended Complaint alleges in part that corrections officers ("C/O" or

"C/Os") at M.C.C.C. "used excessive force in performing a takedown on him during a cell

search at the jail."  (ECF No. 2, Supplemental Compl. at ¶ 11.)  The Amended Complaint alleges

that Defendant C/O Diaz ordered Plaintiff out of his cell, and he was then slammed to the ground

---

[1] Plaintiff's Second Amended Complaint requests appointment of counsel and a preliminary injunction in the "relief" sections.  Plaintiff, however, must bring these requests by appropriate application/motion, and the Court does not address these requests in this Screening Order.

[2] The Court makes no determination at this time as to whether Plaintiff's Original Complaint states a claim for relief against Mr. Wilson or whether he will be able to reinstate an action against Mr. Wilson at a later date.

[3] In his Original Complaint, Plaintiff alleges that Mr. Wilson, who is identified in the Complaint as a counselor at M.C.C.C., told inmates that "[P]laintiff was writing letters to the prosecutor about [Plaintiff's] fellow inmates and people on the outside to "snitch on them to get out of jail." Plaintiff alleges that as a result of Defendant Wilson's allegations, several inmates threatened Plaintiff with physical violence and told Plaintiff that they would spread the word to other inmates throughout the jail that [Plaintiff] was a 'snitch.'"  (ECF No. 1, Original Compl. at ¶¶ 8-13.)

[4] The grounds for relief are listed as "Ground Two" and "Ground Three."

by Defendant Sgt. Sanchez. (*Id.* at ¶¶ 16-17.)  He further alleges that Defendants Sanchez, Diaz, and Crawford were joined by unidentified John Doe Defendants; these Defendants proceeded to punch, kick, and stomp Plaintiff while he was laying on the ground in handcuffs. (*Id.* at ¶¶ 18-21.)  Plaintiff also alleges that Defendant Sgt. Moon, who was "only a few feet away," laughed and did nothing to prevent the John Does from joining the assault. (*Id.* at ¶ 22.)

5.      When the assault concluded, Sgt. Moon ordered Defendant C/O Harmon and several John Doe Defendants to carry Plaintiff to the Medical Department by lifting Plaintiff by his handcuffs and the shackles they placed on his ankles after the assault. (*Id.* at ¶ 23.)  Plaintiff alleges that this method of carrying him was painful and violated prison policies/procedures. (*Id.*)  Sgt. Sanchez also allegedly refused a nurse's request to remove the handcuffs so Plaintiff could be examined and have his injuries documented.  Sergeant Sanchez allegedly would not permit the nurses to examine Plaintiff for injuries or to provide Plaintiff with any medical treatment.  He further alleges that the medical department did not provide him with any treatment. (*Id.* at ¶¶ 24-25.)

6.      In "Ground Two" of the Amended Complaint, Plaintiff also asserts that C/O Crawford filed false disciplinary charges reports against Plaintiff "out of retaliation for filing a lawsuit and grievances against his good friend and co-worker Todd Wilson." (*Id.* at ¶ 12.)  C/O Crawford allegedly stated that Plaintiff "wouldn't be getting a disciplinary report(s) if [Plaintiff] would stop filing grievances and lawsuits against his co-workers." (*Id.* at ¶ 14.)  Sgt. Sanchez also allegedly told Plaintiff that "this kind of treatment will continue to happen as long as you keep filing grievances and lawsuits against Mercer County employee [sic] – putting their jobs at risk." (*Id.* at ¶ 29.)

7.     In "Ground Three" of the Amended Complaint, Plaintiff alleges that he was placed in protective custody at M.C.C.C. because he feared for his life and safety due to the harassment and threats by C/Os at M.C.C.C.  He further alleges that he has been assaulted by C/Os at M.C.C.C. in the past and that he recently settled a lawsuit against C/Os at M.C.C.C.   He alleges that prior to being assaulted on May 26, 2016, he "pleaded with" Warden Charles Ellis by letter and "face-to-face conversations" that his "life was in imminent danger and that [he] was being harassed, intimidated and threatened with violence and death by [Ellis' C/Os] in general population and while on protective custody."  (*Id.* at ¶ 34.)  Plaintiff alleges that Defendant Ellis did not take any steps to ensure his safety.  (*Id.* at ¶¶ 35-38.)

8.     On or about June 2, 2016, Plaintiff submitted a Second Amended Complaint for filing, and the Second Amended Complaint was docketed on June 6, 2016.  (ECF No. 3.)  That Complaint asserts also violations of Plaintiff's constitutional rights and seeks to add three additional Defendants:  Psychologist Price, a mental health staff member at M.C.C.C.; Mental Health Director Johnson, Psychologist and Director of mental health at M.C.C.C; and John Doe Psychologist, a visiting psychiatrist at M.C.C.C.  (ECF No. 3, Second Amended Compl. at ¶¶ 2-4.)

9.     Plaintiff alleges in the Second Amended Complaint that during his intake examination at M.C.C.C., he informed the medical nurse that he suffers from mental illness and was experiencing depression, delusional and racing thoughts.  (*Id.* at ¶ 8.)  He further asserts that he has been diagnosed with various mental illnesses and has been taking psychotropic medication for most of his life.  (*Id.* at ¶¶ 9-10.)  Plaintiff alleges that

> Since May 21, 2016, he has submitted multiple medical services
> request slips on a daily basis informing [Defendants] Johnson and
> Price that [he] was experiencing crying spells, reduced appetite,
> loss [sic] desire to socialize, fear, anxiety, nervousness, depression,

> delusional and racing thoughts or other suffering on a daily basis
> as a direct result of not being on my mental health medications and
> not be offered any mental health counseling, treatment and
> services.

*Id.* at ¶ 11.)  Plaintiff alleges, however, that "[D]efendant's [sic] Johnson and Price and John Doe [Psychiatrist] refuses to provide me with any mental health services or treatment whatsoever" and have not provided Plaintiff with any explanation for why they are denying him treatment. (*Id.* at ¶¶ 11, 21.)  Plaintiff also asserts that he has a history of attempting suicide, and is currently suicidal and is not being provided with treatment to prevent him from committing suicide.  (*Id.* at ¶¶ 24-25.)  He further alleges that these Defendants are aware that Plaintiff attempted to commit suicide when he was previously incarcerated at M.C.C.C.  (*Id.* at ¶¶ 26, 30.) He further asserts that he has informed these Defendants through sick call requests that he is depressed and suicidal but that Defendants refused to see him or provide him with any mental health services.  (*Id.* at ¶ 27.)  In addition to damages, Plaintiff appears to seek an injunction requiring Defendants to provide mental health services to him.   (*Id.* at ¶¶ A-B.)

      10.    This Court has screened the Amended Complaint in this action for dismissal and has determined that the dismissal of the entire Complaint is not warranted.  The Amended Complaint states a Fourteenth Amendment claim for excessive force under 42 U.S.C. § 1983 against Defendants Sanchez, Harmon, Crawford, Diaz, and the unidentified John and Janes Does in connection with the alleged assault and its aftermath. [5]   In connection with the assault, the Amended Complaint also states a Fourteenth Amendment claim for failure to intervene against Defendant Moon.  The Court also finds that the Complaint states a claim for First Amendment retaliation against Defendants Crawford and Sanchez.  The Court also finds that the Amended

---

[5] Plaintiff state law claims for negligence, assault, and battery arising from the alleged assault shall also proceed at this time.

Complaint states a Fourteenth Amendment claim for deliberate indifference to Plaintiff's serious medical needs against Defendant Sgt. Sanchez.  Finally, the Court finds that the Amended Complaint states a Fourteenth Amendment claim for failure to protect against Defendant Ellis. Accordingly, dismissal of these § 1983 claims against these Defendants is not warranted at this time and the claims shall proceed at this time against these Defendants.  The Court shall dismiss without prejudice Defendant Lieutenant Creighton, as the Amended Complaint does not provide any facts from which the Court can infer that he was involved in the conduct alleged in the Amended Complaint.  The Court shall also dismiss with prejudice, all official capacity claims for damages against the Defendants identified in the Amended Complaint.

11.    This Court has also screened the Second Amended Complaint in this action for dismissal and has determined that the dismissal of the entire Complaint is not warranted.  With respect to the Amended Complaint, the Court finds that Plaintiff states a Fourteenth Amendment claim for deliberate indifference to his serious medical needs against Psychologist Price, Mental Health Director Johnson, and John Doe Psychologist.  The Court, however, will dismiss the official capacity claims for damages against these Defendants as Plaintiff has not stated a *Monell* claim against their employer(s).

12.    The Court next addresses whether the claims and Defendants in the Second Amended Complaint are properly joined with the claims and Defendants in the Amended Complaint.   Rule 18(a) controls the joinder of claims. In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party."  Rule 20(a)(2) controls the permissive joinder of defendants in *pro se* prisoner actions as well as other civil actions.  Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising

out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any

question of law or fact common to all defendants will arise in the action. (emphasis added). *See,*

*e.g., Pruden v. SCI Camp Hill*, 252 F. .App'x. 436 (3d Cir. 2007); *George v. Smith*, 507 F.3d 605

(7th Cir.2007).  In actions involving multiple claims and multiple defendants, Rule 20 operates

independently of Rule 18.

> Despite the broad language of rule 18(a), plaintiff may join
> multiple defendants in a single action only if plaintiff asserts at
> least one claim to relief against each of them that arises out of the
> same transaction or occurrence and presents questions of law or
> fact common to all.   If the requirements for joinder of parties have
> been satisfied, however, Rule 18 may be invoked independently to
> permit plaintiff to join as many other claims as plaintiff has against
> the multiple defendants or any combination of them, even though
> the additional claims do not involve common questions of law or
> fact and arise from unrelated transactions.

*Williams v. Hebbon*, No. CIV.A. 09-2103 AET, 2011 WL 1930564, at *5 (D.N.J. May 19, 2011)

(citing 7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and

Procedure, § 1655 (3d ed. 2009)).  The requirements prescribed by Rule 20(a) are to be liberally

construed in the interest of convenience and judicial economy. *Id.* (citing *Swan v. Ray*, 293 F.3d

1252, 1253 (11th Cir. 2002)). However, the policy of liberal application of Rule 20 is not a

license to join unrelated claims and defendants in one lawsuit. *See, e.g., Pruden v. SCI Camp

Hill*, 252 F. App'x. 436 (3d Cir.2007); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

"[M]isjoinder of parties is not a ground for dismissing an action.  Instead, a court faced with a

complaint improperly joining parties 'may at any time, on just terms, add or drop a party. The

court may also sever any claims against a party.'" *Williams*, 2011 WL 1930564, at *5.

     13.    The Court finds that the claims in the Amended Complaint and Second Amended

Complaint are misjoined, as they do not arise from the same transaction or occurrence and there

appears to be no common question of law or fact with regard to causes of actions asserted in each

Complaint.  *See* Fed. R. Civ. P. 20; *see also Aristeo v. Raines*, No. 15-4115 (RMB/JS), 2016 WL 430568, at *12 (D.N.J. Feb. 3, 2016) (severing *pro se* complaint into two separate causes of action where the cases appeared to have been misjoined).  As such, the Court will direct the Clerk of the Court to sever the Second Amended Complaint into a new Civil Action number. *See Alfred v. New Jersey*, 2015 WL 4138882, at *2-*3 (D.N.J. July 9, 2015) ("Rule 20's requirements are to be liberally construed in the interest of convenience and judicial economy.").

IT IS therefore on this   29th    day of  June, 2016,

ORDERED that Plaintiff's application to proceed *in forma pauperis* is hereby GRANTED; and it is further

ORDERED that the Complaint, Amended Complaint, and Second Amended Complaint shall be filed; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the warden of Mercer County Correctional Institution; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

ORDERED that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees,

Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case

a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40%

deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all

fees have been paid in full; and it is further

      **ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in

Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct

from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the

preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the

$350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions

to which the payment should be credited; and it is further

      **ORDERED** that Plaintiff's "motion" request to dismiss **WITHOUT PREJUDICE** the

Original Complaint against Defendant Wilson is **GRANTED** (ECF No. 6); the Court shall also

dismiss **WITHOUT PRJUDICE** the Original Complaint against Defendant Pettrillo as there are

no factual allegations against this Defendant; and it is further

      **ORDERED** that the Amended Complaint shall proceed in part and be dismissed in part

as follows:

   1.  Plaintiff's Fourteenth Amendment claim for excessive force under 42 U.S.C. § 1983

against Defendants Sergeant Sanchez, C/O Harmon, C/O Crawford, C/O Diaz, and the

unidentified John and Janes Does shall **PROCEED** at this time;  Plaintiff's state law claims for

negligence, assault, and battery shall also **PROCEED** at this time against these Defendants;[6]

   2.  Plaintiff's Fourteenth Amendment claim for failure to protect/intervene against

Defendant Sergeant Moon shall **PROCEED** at this time;

---

[6] Plaintiff state law claims for relief shall also proceed at this time.

3.   Plaintiff's First Amendment retaliation claim against Defendants C/O Crawford and Sgt. Sanchez shall **PROCEED** at this time;

4.   Plaintiff's Fourteenth Amendment claim for deliberate indifference to Plaintiff's serious medical needs against Defendant Sgt. Sanchez shall **PROCEED** at this time;

5.   Plaintiff's Fourteenth Amendment claim for failure to protect against Defendant Warden Charles Ellis shall **PROCEED** at this time;

6.    The Amended Complaint is dismissed **WITHOUT PREJUDICE** against Defendant Lieutenant Creighton, for failure to provide any facts from which the Court can infer that this Defendant was involved in the conduct alleged in the Amended Complaint;

7.   All official capacity claims for damages in the Amended Complaint are dismissed **WITH PREJUDICE**; and it is further

**ORDERED** that the allegations in the Second Amended Complaint shall proceed in part and be dismissed in part as follows:

1.      Plaintiff's Fourteenth Amendment claims for deliberate indifference to his serious medical needs shall **PROCEED** against Defendants Johnson, Price, and John Doe Psychiatrist;

2.      The official capacity claims for damages against these Defendants are dismissed **WITHOUT PREJUDICE** because Plaintiff has not stated a *Monell* claim against Defendants' employer(s); and it is further

**ORDERED** that the Clerk of the Court shall **SEVER** the Second Amended Complaint into a new Civil Action number, docket the Second Amended Complaint and a copy of this Order under that new Civil Action number, and notify Plaintiff of the new Civil Action number; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing Unites States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[7]; and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[8]; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff by regular U.S. mail.

---

[7] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[8] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.

      /s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge